judgment. I think the debt in this case, if it existed at the time of the adjudication, is provable.

## Case No. 1,976.

### In re BROWN.

[The case reported under above title in 10 Hunt, Mer. Mag. 377, is the same as Case No. 1,985.]

## Case No. 1,977.

### In re BROWN.

[3 Int. Rev. Rec. 134.]

District Court, N. D. New York. April 16, 1866.

INTERNAL REVENUE—INCOME TAX—AUTHORITY OF ASSESSOR.

[1. Act Cong. June 30, 1864 (13 Stat. 226), relating to the assessment and collection of an income tax, and by the fourteenth section empowering the assessor to examine the tax-payer as to property liable to taxation, does not authorize an examination as to returns and payment thereon made prior to the passage of the act.]

[2. Nor does the section authorize a re-examination of the assessment after the assessor has accepted the returns, assessed the tax thereon, made a return to the collector, and the tax has been paid.]

[In the matter of Thomas Brown. Proceeding by Otis F. Presbrey to punish said Brown, as for a contempt, for refusing to submit to examination under the act of June 30, 1864, relating to the income tax. The matter was submitted by agreement with the same effect as if an attachment had issued. Proceeding dismissed.]

William A. Dart, Dist. Atty., for Otis F. Presbrey, assessor.

John Ganson, for Thomas Brown.

SMALLEY, District Judge. The case is submitted upon the following agreed state of facts:

Thomas Brown, who at the times hereinafter mentioned resided and now resides at the city of Buffalo, within the 30th district of the state of New York, made returns of his income for the years 1862 and 1863 under the internal revenue act [of 1862; 12 Stat. 434, § 6] to the assessor of said district, at the respective times specified in copies of such return hereto annexed. Among other things contained in the said returns, as made, was an item of interest received by Mr. Brown in 1862 and in 1863, on the bonds of the Buffalo, New York and Erie Railroad Company, amounting in each of those years to the sum of $1,050. The assessor made an assessment on each of the said returns as made by Mr. Brown, and transmitted the assessments thus made in his lists to the collector of the said district. The assessment for the special income tax of 1864 was made by the said assessor on the return made by Mr. Brown for the year 1863, pursuant to special instructions received by him to that effect from the department at Washington. After each of said assessments had been made and transmitted to the collector as aforesaid, Mr. Brown paid to the collector of the said district the tax so assessed and transmitted by the assessor. Such payments were made at the following times: The income tax of 1862 was paid August 29, 1863. The income tax of 1863 was paid July 26, 1864. The special tax of 1864 was paid December 13th, 1864. The assessor, subsequent to such payments, claimed that Mr. Brown received interest on bonds of the said railroad company owned by him in each of the years 1862 and 1863 to the amount of $8,400, instead of the sum returned by him, and in the opinion of the said assessor the returns in this respect contained an understatement of the amount of bonds owned and of the interest received by Mr. Brown.

The assessor, on the 20th day of July, 1865, summoned Mr. Brown to appear before him, under a summons issued to Mr. Brown (of which a copy is hereunto annexed), and to give testimony as stated in the summons. Mr. Brown, in obedience to the summons, appeared before the assessor to give evidence and answer interrogatives relative to his returns. The assessor asked him how many bonds he held in 1863 of the Buffalo, New York and Erie Railroad Company, and he answered that he held, till the spring of 1862, $120,000 of such bonds, but that he sold all of them save $15,000 in the spring of 1862, before any coupons of that year were payable, and that he has not had any interest in any of them since; that he received no interest on any of the bonds so sold by him after the 1st of November, 1861, and had since received interest on $15,000 of railway bonds only, being the sum of $1,050 mentioned in said returns. The assessor then asked Mr. Brown, to whom he sold the $105,000 of bonds in the spring of 1862. Mr. Brown declined to answer that question, and claimed the law did not authorize the assessor to require of him to whom he made the sale, nor make it obligatory on him to answer to whom the sale was made. The assessor then said he must answer the interrogatory, and was bound to disclose to whom he sold the bonds referred to; that if he did not, an application would be made by him to an officer to compel him to answer. Mr. Brown thereupon volunteered to go before his honor, Judge Hall, the same as if a regular application had been made by the assessor for an attachment, and one had been issued to bring him before said judge.

The parties now appear and submit this matter for decision, in like manner as if an attachment had been issued, and the case is to be decided and disposed of as if the said Brown was arrested and brought before me